**UNITED STATES of America,**
**Appellee,**

v.

**Rennii MARTINEZ, also known as Renny Martinez, also known as Franklin Martinez, also known as Rafael Duran Castillo, also known as Rafael Castillo, also known as Renny Castillo, also known as Jose Miguil Peres, also known as Rafael Antonio, Defendant–Appellant.**

No. 00–1137.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2001.

---

Anthony N. Iannarelli, Jr., Esq., New York, NY, for appellant.

Mark A. Racanelli, Assistant United States Attorney, for Mary Jo White, United States Attorney for the Southern District of New York; Gary Stein, on the brief, for appellees.

Present GRAAFEILAND, CALABRESI, Circuit Judges, and PATTERSON,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the this appeal be and hereby it is DISMISSED.

## I. BACKGROUND

Rennii Martinez, an alien, appeals a 70 month prison sentence he received for illegally reentering the United States after having been deported following a conviction for an aggravated felony. Martinez argues that the District Court should, *sua sponte*, have downwardly departed (under U.S.S.G. § 5K2.0) from the United States Sentencing Guidelines Range for this crime on the ground that a shorter sentence would allow him to be more quickly deported.

On November 23, 1992, Martinez, a citizen of the Dominican Republic who had illegally immigrated to the United States, was convicted in New York State court of robbery in the first degree. Martinez was sentenced to a term of two to six years imprisonment for this, his third criminal conviction in the United States. In 1994, Martinez was paroled and deported to the Dominican Republic. Before he was deported, Martinez was advised that it was a crime for him to reenter the United States without obtaining the permission of the Attorney General. He was also informed of the penalties this crime entailed.

Sometime later, Martinez came back to the United States without obtaining the Attorney General's permission. In 1996 he was arrested under the alias of Rafael Castillo and pleaded guilty (again in New York State court) to possession of a controlled substance (cocaine). For this crime, Martinez was sentenced to a term of eight years to life imprisonment.

In 1997, while Martinez was in the custody of New York State, the Immigration and Naturalization Service learned his true identity and determined that, following his 1994 deportation, he had reentered the country illegally. Martinez was indicted for this federal crime, and on August 10, 1999, pleaded guilty to illegally reentering the United States after having been con-

---

* The Honorable Robert P. Patterson, of the United States District Court for the Southern District of New York, sitting by designation.

victed of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).[1]

The Presentence Investigation Report prepared by the United States Probation Office calculated Martinez's total offense level at 21[2] and his criminal history level at V.[3] This resulted in a Sentencing Guidelines range of 70 to 87 months. Martinez made several submissions to the District Court concerning his sentence. But in none of these did he claim, as he does on this appeal, that he was entitled to a downward departure in order to streamline the deportation process. The District Court sentenced Martinez to a prison term of 70 months consecutive to the state sentence he was already serving. Martinez filed a timely notice of appeal.[4]

## II. DISCUSSION

■ Martinez's sole argument on appeal is that the District Court should, *sua sponte,* have downwardly departed (under U.S.S.G. § 5K2.0) from the Sentencing Guidelines range in order to allow him to be deported more quickly.[5]

■ Even had Martinez made his argument for a downward departure below, *see United States v. Gomez,* 103 F.3d 249, 254 (2d Cir.1997) (sentencing issue not raised in the trial court will be deemed waived on appeal in the absence of plain errors or defects affecting substantial rights), and even were a downward departure available under the circumstances, *but see United States v. Sentamu,* 212 F.3d 127, 138 (2d Cir.2000) (generally holding to the contrary), it is "well established in this Circuit that a court's decision not to depart from the Guidelines is normally not appealable," *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (per curiam) (internal quotation marks and citation omitted). Specifically, "[u]nless it can be shown that a sentencing court based its decision not to grant a downward departure on a misunderstanding of its authority to depart, such a decision is unreviewable on appeal." *United States v. Mapp,* 170 F.3d 328, 331 n. 5 (2d Cir.1999). Furthermore, there is a "strong presumption" that District Courts understand the circumstances in which they may downwardly depart, and "[t]his presumption is overcome only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam). Certainly "[t]he district court's

---

1. Prior to the plea, which occurred without an agreement, the government provided Martinez with a letter advising him of the guidelines range that, based on the government's calculations, he would face. *See United States v. Pimentel,* 932 F.2d 1029, 1034 (2d Cir. 1991).

2. This reflected a 16 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for Martinez's prior conviction for an aggravated felony.

3. This reflected Martinez's four prior state court convictions and the fact that he had illegally re-entered the country while still on parole and within two years of his release from prison.

4. Martinez also filed a motion seeking correction of his sentence pursuant to Fed. R.Crim.P. 35(c). This motion was filed outside the time limit established by the rule (seven days from the imposition of sentence) and was therefore rejected as untimely.

5. At the end of his brief, Martinez asks that should we reject his claim to a downward departure, then "[i]n the alternative, Appellant can be resentenced within the guidelines, albeit at the lower range." Martinez, however, has already received the *lowest* sentence available in the 70 to 87 month range that the District Court found to be applicable and whose application Martinez does not appear to contest in this appeal.

silence on the issue does not support an inference that the court misunderstood its authority to depart." *United States v. Hurtado,* 47 F.3d 577, 585 (2d Cir.1995). Because Martinez has made no showing that the District Court misunderstood its authority, he has not overcome this presumption and we have no jurisdiction to review the District Court's decision not to depart downwardly. *United States v. Matthews,* 106 F.3d 1092, 1095 (2d Cir. 1997).

### III. CONCLUSION

Having reviewed all of Martinez's claims, and finding them to be without merit, we DISMISS his appeal.